CHARLES SHACKELFORD

v.

MARY G. CLARKE.

*Banks—Loan—Substitution of Checks of Son of Lender for Original Check—Instructions.*

In the case presented, this court holds, the bank upon which certain checks were drawn having remained solvent, that an instruction to the jury that it was the duty of the receiver of the checks to present the same for payment not later than the day after that on which they were received, was erroneous.

[Opinion filed February 9, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Appellant desiring to borrow money, made an arrangement with appellee to loan him the sum of $1,500, to be secured by his note and mortgage. Appellant prepared his note and mortgage, and had an abstract of title to the property brought down to date ready for inspection by appellee or her agent. Appellee, according to her testimony, made her check for $1,500, payable to the order of her son, Frank Clarke. He deposited the money in the bank to his own credit, made his own three checks for $500 each, to the order of appellant, and took them to the office of appellant, where, according to the testimony of appellant, he and Frank Clarke looked over the papers, compared appellant's note with

the trust deed made by him, looked through the abstract of title, and when Frank Clarke expressed himself as satisfied with the title, he put appellant's note and trust deed in his pocket with the abstract of title; then Frank Clarke took out of his pocket his three checks, and said : "Now here are my three checks for $500 each, and one of these three checks will be cashed — honored on presentation. I have no money in bank to pay the other two, and mother has loaned me the other $1,000. You won't have to pay any interest on that $1,000 until you get the money." Appellant said, "Does she understand all about this?" Clarke replied, "Perfectly; it is all satisfactory to her. I am in a great hurry, but if you will give me notice, mother is continually having money coming in on her loans, and she will place it to your credit in bank whenever you notify me. I am attending to her business."

The testimony of Frank Clarke in respect to this in substance is, that he told appellant that the money was in bank to pay all the checks, but that he, Frank, wished that appellant would loan him $1,000 of the money for a short time, and that if he (appellant) would not present two of the checks at present, he (Frank) would pay him eight per cent interest on the same up to the time that he did present them, and that if appellant would give him one day's notice before presentation he (Frank) would have the money there to meet the checks.

Appellant presented one of the checks upon December 2d and received the money on it; the other two he held until about the 10th of the following January; presenting them at that time, payment was refused because Frank Clarke, the maker of them, had no funds to his credit. When appellant's note for $1,500 to appellee became due, she brought suit thereon. Appellant pleaded and insisted upon the trial that he had a good defense thereto to all except $500 and the interest thereon. Appellee obtained judgment for the full amount of the note, from which judgment appellant prosecutes this appeal.

Messrs. GRIFFIN & WILE and OLIVER & SHOWALTER, for appellant.

Messrs. BURTON & HARRIS, for appellee.

WATERMAN, P. J.   Unless the testimony given by appellant
upon the trial of this case is to be entirely ignored, the instruc-
tions of the court can not be justified and the judgment must
be reversed.   The jury, on behalf of appellee, were instructed
as a matter of law, that the holder of a check must present the
same at latest within banking hours on the day following the
day of its delivery to such holder, and were further instructed,
in substance, that if appellant did not so present the checks
which he received from Frank Clarke, and that if they would
have been paid had they been presented upon the day follow-
ing their delivery, and that if he retained them in his posses-
sion until the said Frank Clarke became insolvent, and did not
notify appellee of the refusal of the bank to pay said checks
until five months after he received them, then he (appellant)
was guilty of negligence in connection with said checks and
must bear the loss of them himself.

The instruction as to the duty of the holder of a check to
present the same on the day of its reception or the next fol-
lowing day is applicable as a general proposition of law to the
case where a loss occurs by reason of the failure of a bank
upon which the check is drawn.   If the bank upon which a
check is drawn remains solvent, ready, able and willing to pay
the check so long as the maker has funds enough to his
credit, the holder of the check is under no obligation to present
it at the latest upon the day after he receives it; he may keep
it for one or six months, as he sees fit, and the maker can not
draw out his funds and say that he is absolved from all obli-
gations to have the check good when presented because the
holder did not present it upon the day of or on the day fol-
lowing its delivery.   So, in this case, if appellant, instead of
receiving her son's, had received checks made by appellee her-
self, the bank, as it did, remaining perfectly solvent, it would
have been a matter of utter indifference to appellee whether
appellant presented the checks upon the day or the day after
he received them, or kept them to suit his own pleasure; she
would have been bound to have had the money there to meet

Shackelford v. Clarke.

them whenever they were presented. By receiving the note of appellant for $1,500, appellee became bound as a consideration of the same, to give him a like amount. She made her son her agent to take this money to appellant and to bring back his note to her. Her son, instead of taking to appellant his mother's check to his order which she had given him, took to appellant his own checks. It was, to be sure, the case that, as appeared by an examination of the books of the bank, the checks of her son at the time he gave them to appellant were good, and would have been paid upon presentation on that or the following day, and if nothing had been said at the time these checks were received by appellant, a presumption might arise that a novation had taken place, and that appellant had received the checks of her son in discharge of her obligation to him (appellant); but according to the testimony of appellant, appellee never gave to him the $1,500 to which he was entitled from her for his note. She only gave, according to his statement, her son's three checks, as to one of which he was told he could draw the money at once. As to the other two, he was told that the maker thereof had no money in bank to pay the same; that when he (appellant) wanted the money upon these two, he was to give notice to appellee's son, and she would immediately place the money in bank to make the checks good, and that in the meantime he (appellant) need not pay any interest on the money thus withheld.

The instructions given for appellee, which entirely ignore the phase of the case presented by appellant's testimony, were erroneous. According to the testimony of appellant, appellee never gave him the $1,500 to which he was entitled. She merely gave him one good check for $500 and two, each for a like sum, which he was told were not good and which he was asked not to present until after he had notified her son, and which, when presented at the expiration of forty days, were worthless.

For the error indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*